**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DAVID NAHUN RIVERA HERNANDEZ,

Petitioner,

v.

GREGORY ARCHAMBEAULT, et al,

Respondents.

Case No.: 26-cv-5477-BJC-MMP

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

On September 23, 2026, Petitioner David Nahun Rivera Hernandez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2241. ECF No. 1. Petitioner, a citizen of Honduras, entered the United States on February 12, 2024. He was apprehended by immigration officials upon arrival but was granted conditional parole. His removal proceedings remain pending. Petitioner was re-detained by Respondents on September 10, 2026, when immigration officers conducted a raid at an apartment complex. No pre-deprivation hearing was held prior to his re-detention, and he has not been given a bond hearing. Petitioner was initially housed at the Diamondback Correctional Facility in Watonga, Oklahoma, and then he was transferred to Imperial Regional Detention Facility,

where he remains detained. Petitioner requests that the Court assume jurisdiction over the matter, grant the petition and order Petitioner's immediate release from custody, or in the alternative, order an adequate bond hearing.

## I. LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## II. DISCUSSION

Petitioner contends his detention violates the Due Process Clause of the Fifth Amendment. In response, Respondents state that Petitioner is subject to detention under section 1226(a) and "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."[1] ECF No. 4 at 2.

Here, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his parole. *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025). Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he

---

[1] Respondents argue that the Court does not need to address Petitioner's Due Process arguments because the Court could order a bond hearing, which is another ground upon which to dispose of the case that does not require a constitutional analysis, citing *Nw. Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193, 205 (2009)("normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case") and *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976)("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.") The Court finds that a Due Process analysis is necessary in this case.

was detained. Accordingly, the Court finds Petitioner's revocation of his release and detention violates his Due Process rights.

## III. CONCLUSION AND ORDER

Accordingly, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions. Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: October 15, 2026

Honorable Benjamin J. Cheeks
United States District Judge